### BROOKS et al. v. GLEASON.

(Supreme Court, Appellate Term.    November 30, 1908.)

1. CONTRACTS (§ 349*)—SERVICES—ACTIONS—EVIDENCE—ADMISSIBILITY.

Where, in an action for services, plaintiffs claimed that defendant ordered the work done, but did not state whether he acted on his own behalf or on behalf of a corporation, and the evidence showed that plaintiffs addressed their bid to the corporation, and made out their bill against the corporation, and the letter of plaintiffs which formed the contract was addressed to the corporation and was approved by one as engineer for the corporation, it was error to exclude the certificate of incorporation of the corporation offered by defendant, tending to show, in connection with the other proof, that the corporation was distinct from defendant, and that it, and not defendant personally, was liable.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 349.*]

2. CONTRACTS (§ 350*)—SERVICES—ACTIONS—EVIDENCE—SUFFICIENCY.

Evidence, in an action for services, wherein the defense was made that the services were rendered for a corporation, not defendant personally, held not to establish the personal liability of defendant.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 350.*]

Appeal from City Court of New York, Trial Term.

Action by Eva R. Brooks and another against Joseph J. Gleason. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Theodore F. Kuper, for appellant.

J. Wilson Bryant, for respondents.

PER CURIAM. Plaintiffs sue for certain labor and services performed for defendant. The latter sets up a general denial. The court directed a verdict for plaintiffs. Defendant appeals.

The defendant presented no evidence, except that he offered to show that the Gleason Realty Company was a corporation, which the court

refused to permit him to do. The verdict was directed against the defendant, Joseph J. Gleason, personally. Plaintiffs claim that defendant ordered the work done by plaintiffs, but whether he acted on his own behalf or on behalf of the Gleason Realty Company the plaintiffs do not state. The documentary evidence shows that plaintiffs addressed their bid or estimate to the Gleason Realty Company, not to Joseph J. Gleason, the defendant, and also made out their bill against the Gleason Realty Company, and addressed all their correspondence with reference to the contract and work to the Gleason Realty Company. Indeed, the letter of plaintiffs, which forms the contract sued upon, was addressed to the Gleason Realty Company by plaintiffs, and was undersigned and approved by one Fernbach as engineer for the Gleason Realty Company. No evidence whatever is given to indicate the relationship between defendant and the Gleason Realty Company. It seems to us error to exclude the certificate of incorporation of the Gleason Realty Company, as tending to show, in connection with the documentary proof, that the Gleason Realty Company was a distinct personalty from defendant, and that the corporation, and not defendant personally, was liable for the debt. The evidence does not establish the personal liability of defendant, and it was error to direct a verdict against him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.